UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON HUMES,<br><br>        Plaintiff,<br><br>    v.<br><br>LUKENBILL, et al.,<br><br>        Defendants. | No.  2:17-cv-2609 MCE KJN P<br><br><br>ORDER AND ORDER TO SHOW CAUSE |

Plaintiff is a former jail inmate, now state prisoner, proceeding pro se. The undersigned recommended that this action be dismissed based on plaintiff's failure to complete and return the USM-285 forms necessary to effect service on defendant Lukenbill. Plaintiff filed objections. Good cause appearing, the findings and recommendations are vacated.

As discussed below, plaintiff is ordered to show cause why defendant Lukenbill should not be dismissed for lack of service of process, and this action be dismissed. Fed. R. Civ. P. 4(m).

I. Background

This action was filed on December 13, 2017. Plaintiff amended his complaint twice, and this action proceeds on plaintiff's second amended complaint. (ECF No. 16.) On May 2, 2018, the undersigned found plaintiff stated an Eighth Amendment claim against defendant Deputy Lukenbill. (ECF No. 20.) On May 18, 2018, the court ordered service of process on defendant

1  Lukenbill.  On June 8, 2018, service was returned unexecuted.  On June 14, 2018, plaintiff was
2  ordered to provide additional information for service on defendant Lukenbill.  Plaintiff sought
3  judicial assistance.  On November 13, 2018, the court provided additional assistance, and plaintiff
4  was directed to return the forms for service on defendant Lukenbill, which plaintiff did.  On
5  December 14, 2018, the court ordered service of process on defendant Lukenbill; but on February
6  11, 2019, service was again returned unexecuted.  On February 20, 2019, plaintiff was informed
7  that the Placer County Sheriff's Department was unwilling to accept service of process because
8  the County employed two correctional officers with the last name, "Lukenbill."  (ECF No. 35 at
9  1.)  Plaintiff was informed that he must provide additional information, and "shall promptly seek
10 such information through discovery, the California Public Records Act, California Government
11 code §§ 6250, et seq., or other means available to plaintiff."  (ECF No. 35 at 1.)  Plaintiff was
12 provided 60 days to provide the forms for service of process.

13     On May 10, 2019, the undersigned recommended that this action be dismissed based on
14 plaintiff's failure to timely comply with the February 20, 2019 order.  On May 20, 2019, plaintiff
15 filed objections.  In his objections, plaintiff states:  "I am objecting . . . I do need help from the
16 court to figure out which Lukenbill beat me.  I think it happened on 8-24-2016, and he was a
17 strong white guy."  (ECF No. 38.)

18 II.  Rules Governing Service of Process

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

23 Fed. R. Civ. P. 4(m).  Thus, Rule 4(m) offers two avenues of relief for plaintiffs who miss the
24 service deadline:  the rule mandates an extension of time for plaintiffs who show good cause, and
25 allows a court to use its discretion to grant an extension of time even in the absence of good
26 cause.  Lemoge v. United States, 587 F.3d 1188, 1198 (9th Cir. 2009).  In the absence of good
27 cause a court may use its discretion to grant an extension of time where plaintiffs demonstrate
28 excusable neglect.  Id.  See also Boudette v. Barnett, 923 F.2d 754, 757 (9th Cir. 1991) (a plaintiff

2

may be required to show the following factors to bring the excuse to a level of good cause: '(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudice if his complaint were dismissed.'")

Where plaintiffs proceed in forma pauperis, the U.S. Marshal, upon order of the court, is authorized to serve the summons and the complaint. See 28 U.S.C. § 1915(c); see also Boudette, 923 F.2d at 757.  A pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of process, and plaintiff's action should not be dismissed for failure to effect service if the Marshal fails to perform his or her duty. Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990).  However, it remains plaintiff's responsibility to provide the U.S. Marshal with accurate and sufficient information to effect service. Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994), overruled on other grounds by, Sandin v. Conner, 515 U.S. 472 (1995).  Where a pro se plaintiff fails to provide the U.S. Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's *sua sponte* dismissal of the unserved defendant is appropriate. Walker, 14 F.3d at 1421-22.

III. Discussion

Here, plaintiff has been provided multiple opportunities to identify defendant Lukenbill so that the U.S. Marshal may execute service of process.  Moreover, as early as June 14, 2018, plaintiff was informed that he "shall *promptly* seek such information through discovery, the California Public Records Act, Calif. Gov't. Code §§ 6250, et seq., or other means available to plaintiff."  (ECF No. 27 at 1 (emphasis added).)  Where the U.S. Marshal has insufficient information to locate a person for purposes of service, the U.S. Marshal has no additional duty under these circumstances to investigate where that person might be found. Walker, 14 F.3d at 1421-22 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

Moreover, on November 13, 2018, plaintiff was informed that the court cannot "investigate for litigants" and failed to "identify what court action he suggest[ed]."  (ECF No. 30

at 2; see also ECF No. 35.)  The court is a neutral decision-maker, not an advocate for any party, and may not assist plaintiff in obtaining the identity of defendant Lukenbill.  See Bias v. Moynihan, 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court lacks the power to act as a party's lawyer, even for *pro se* litigants."); Pliler v. Ford, 542 U.S. 225, 231 (2004) (federal "judges have no obligation to act as counsel or paralegal to pro se litigants"); Barnes v. United States, 241 F.2d 252 (9th Cir. 1956) (noting pro se litigant does not have rights that a represented litigant does not have).  As another district court explained, courts are "not required to act as an investigative body in ascertaining a correct address [or name] for defendant."  Pember v. Ryan, 2014 WL 3397735, at *2 (D. Ariz. July 11, 2014), citing Allen v. Commissioner of Arizona State Prison, 2014 WL 2435685, at *3 (D. Ariz. May 30, 2014).

In his objections, plaintiff identified no efforts or steps plaintiff may have taken to identify defendant Lukenbill.  Therefore, plaintiff must show cause, within thirty days, why defendant Lukenbill should not be dismissed pursuant to Rule 4(m).  Absent a showing of such cause, the undersigned will recommend that defendant Lukenbill be dismissed without prejudice, and because this action proceeds solely as to defendant Lukenbill, the action be dismissed.

IV.  Orders

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 37) are vacated.

2. Within thirty days from the date of this order, plaintiff shall show cause why defendant Lukenbill should not be dismissed, and this action be dismissed.  Fed. R. Civ. P. 4(m).

Dated:  October 30, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4