1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JON HUMES,                              No.  2:17-cv-2609 MCE KJN P

12              Plaintiff,

13        v.                                 <u>FINDINGS AND RECOMMENDATIONS</u>

14   DEPUTY BRANDON LUKENBILL,

15              Defendant.

16

17        Plaintiff is a former county jail inmate.  Defendant's motion to dismiss is before the court.

18   As set forth below, defendant's motion should be granted.

19   I.  <u>Plaintiff's Allegations</u>

20        In his second amended complaint, plaintiff alleges that after defendant Lukenbill heard

21   plaintiff say a cuss word, defendant came into plaintiff's cell, handcuffed plaintiff, then hit

22   plaintiff in the mouth, knocking plaintiff to the floor.  (ECF No. 16 at 4.)  Defendant then kicked

23   plaintiff in the ribs more than ten times.  (<u>Id.</u>)  Plaintiff suffered broken ribs.  He seeks money

24   damages for the alleged violation of his Fourteenth Amendment due process rights.  Plaintiff

25   identifies defendant Lukenbill as a deputy sheriff at the Placer County Jail.  (ECF No. 16 at 2.)

26        In his second amended complaint, plaintiff did not identify the date on which this

27   occurred.  However, in the original complaint, he alleged the incident took place in September of

28   2016.  (ECF No. 1; <u>see also</u> ECF No. 11 at 3 (initial screening order).)

1

1    II.  <u>Request for Judicial Notice</u>

2          Defendant asks the court to take judicial notice of certain court records filed in <u>Bangert v.</u>

3    <u>County of Placer</u>, Case No. 2:17-cv-1667 KJN (E.D. Cal.) (hereafter "<u>Bangert</u>"), pursuant to Rule

4    201 of the Federal Rules of Evidence.  (ECF No. 47-2.)  Plaintiff did not address such request.

5    (ECF No. 51.)

6          A court may take judicial notice of court records.  <u>See</u>, <u>e.g.</u>, <u>Bennett v. Medtronic, Inc.</u>,

7    285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both

8    within and without the federal judicial system, if those proceedings have a direct relation to

9    matters at issue") (internal quotation omitted).

10          The <u>Bangert</u> case was a class action lawsuit alleging, *inter alia*, the use of excessive and

11    unreasonable force in violation of the Fourteenth Amendment, and assault/battery in violation of

12    California Government Code § 820(a) by jail staff at the Placer County Jail.  <u>Bangert</u> (ECF No. 1

13    at 11-12; 19-20.)  The class action alleged such incidents occurred in the Placer County jail from

14    August 11, 2015 through August 14, 2018.  The court documents submitted by defendant are

15    directly related to plaintiff's use of excessive force claim from 2016 raised in this action.  Thus,

16    defendant's request for judicial notice is granted.

17    III.  <u>Motion to Dismiss</u>

18        A.  <u>Legal Standards Governing Motion to Dismiss</u>

19          Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for

20    "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  In

21    considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court

22    must accept as true the allegations of the complaint in question, <u>Erickson v. Pardus</u>, 551 U.S. 89

23    (2007), and construe the pleading in the light most favorable to the plaintiff.  <u>Jenkins v.</u>

24    <u>McKeithen</u>, 395 U.S. 411, 421 (1969); <u>Meek v. County of Riverside</u>, 183 F.3d 962, 965 (9th Cir.

25    1999).  Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more

26    than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a

27    cause of action."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-57 (2007).  In other words,

28    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

"As a general rule, 'a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.'" Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (quoting Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994)).  Otherwise, the motion is treated as one for summary judgment. Id.  There are exceptions for material which is properly submitted as part of the complaint and "matters of public record" which may be judicially noticed. Id. at 688-89.  "If the documents are not physically attached to the complaint, they may be considered if the documents' 'authenticity . . . is not contested' and 'the plaintiff's complaint necessarily relies' on them." Id. at 688 (quoting Parrino v. FHD, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998).

A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

B. Res Judicata

Defendant contends that plaintiff's claim against defendant Lukenbill is barred by the doctrine of res judicata.  Plaintiff filed an opposition, but his opposition states solely that he "objects to defendant's motion to dismiss." (ECF No. 51.)[1]

---

[1]  Plaintiff filed a second objection, but it simply reiterates his prior objection.  (ECF No. 52.)

1    Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation

2    of the very same claim, whether or not relitigation of the claim raises the same issues as the

3    earlier suit.'" Taylor v. Sturgell, 553 U.S. 880, 892 (2008) (quoting New Hampshire v. Maine,

4    532 U.S. 742, 748 (2001)).  Stated differently, "[c]laim preclusion, often referred to as res

5    judicata, bars any subsequent suit on claims that were raised or could have been raised in a prior

6    action." Cell Therapeutics, Inc. v. Lash Group, Inc., 586 F.3d 1204, 1212 (9th Cir. 2009); accord

7    Tahoe Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1078 (9th Cir.

8    2003) ("Newly articulated claims based on the same nucleus of facts may still be subject to a res

9    judicata finding if the claims could have been brought in the earlier action."). Res judicata

10   applies "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3)

11   privity between parties." Id., 322 F.3d at 1081.

12   The undersigned considers each of these elements in turn.

13        1. Identity of Claims

14   An "identity of claims" arises when two suits have "the same transactional nucleus of

15   facts." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001).

16   In the Bangert class action, the class action complaint included, inter alia, all claims of

17   unreasonable and excessive force in violation of the Fourteenth Amendment and assault/battery.

18   (ECF No. 47-2 at 12 [Class Action Settlement Agreement (Bangert, ECF No. 57-4 at 2, ¶ 2)]).

19   Thus, plaintiff's instant claim alleging the use of excessive force in violation of his due process

20   rights shares the same transactional nucleus of facts as those brought in the class action.

21        2. Final Judgment on the Merits

22   "'When the defendants chose to consent to a judgment, rather than have the District Court

23   adjudicate the merits of the plaintiffs' claims, the result was a fully enforceable federal judgment

24   that overrides any conflicting state law or state court order.  The strong policy encouraging

25   settlement of cases requires that the terms of a consent judgment . . . be respected as fully as a

26   judgment entered after trial.'" Stone v. City & County of San Francisco, 968 F.2d 850, 861 n.20

27   (9th Cir.1992) (quoting and following Badgley v. Santacroce, 800 F.2d 33, 38 (2d Cir.1986));

28   Securities & Exch. Comm'n v. Randolph, 736 F.2d 525, 528 (9th Cir.1984) ("A consent decree

4

1  offers more security to the parties than a settlement agreement where the only penalty for failure

2  to abide by the agreement is another suit.  A consent decree is a judgment, has the force of res

3  judicata, and it may be enforced by judicial sanctions, including . . . citations for contempt.")

4  (citation omitted).

5         In Bangert, the court granted the motion for final approval of the class action settlement,

6  and entered final judgment based on the final approval of the class action settlement.  (ECF No.

7  47-2 at 4-9 (Bangert, ECF No. 84).)  Such order constitutes a final judgment on the merits.

8                        3.  Privity Between Parties

9         A class member of a previous class action is bound by the judgment in the class action.

10  Dosier v. Miami Valley Broadcasting Corp., 656 F.2d 1295, 1298 (9th Cir.1981).  Judgments in a

11  class action are binding on all the members of a class and those who may become members of a

12  class.  L.A. Unified Sch. Dist. v. L.A. Branch NAACP, 714 F.2d 935, 942 (9th Cir.1983).

13         In Bangert, the plaintiff class consisted of all individuals incarcerated in Placer County

14  Jail at any point during August 11, 2015, through August 14, 2018.  (ECF No. 47-2 at 5 [Order

15  Granting Motion for Final Approval of Class Action Settlement, Final Judgment, and Dismissal

16  with Prejudice (Bangert, ECF No. 84 at 2, ¶ 4)]).  Plaintiff's claim of excessive force arose in

17  September of 2016 while he was housed in the Placer County Jail.  (ECF Nos. 1, 16.)  Plaintiff

18  did not request exclusion from the Class Action Settlement.  (ECF No. 47-2 at 50 [Exhibit A

19  listing individuals who timely requested exclusion from the class (Bangert, ECF No. 80-28)]).  In

20  addition, the defendants named in the class action included any Placer County jail employees,

21  including Placer County Sheriff's deputies.  (ECF No. 47-2 at 14 (Bangert, ECF No. 57-4 at 4, ¶

22  18).  Therefore, there is privity between the parties.

23         In his opposition, plaintiff failed to address the issue of res judicata, or challenge

24  defendant's characterization of plaintiff's allegations.  (ECF No. 51.)

25         Based on the Bangert class action, all three elements of res judicata are met, and

26  defendant's motion to dismiss should be granted.

27  ////

28  ////

1    Accordingly, IT IS HEREBY ORDERED that defendant's request for judicial notice

2  (ECF No. 47-2) is granted.

3    Further, IT IS RECOMMENDED that:

4    1.  Defendant's motion to dismiss (ECF No. 47) be granted; and

5    2.  This action be dismissed with prejudice.

6    These findings and recommendations are submitted to the United States District Judge

7  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

8  after being served with these findings and recommendations, any party may file written

9  objections with the court and serve a copy on all parties.  Such a document should be captioned

10  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

11  objections shall be filed and served within fourteen days after service of the objections.  The

12  parties are advised that failure to file objections within the specified time may waive the right to

13  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

14  Dated:  August 26, 2021

15

16

17  /hume2609.mtd

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28